UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HEADLEY ALLEN | CIVIL ACTION |
| VERSUS | NO. 07-7259 |
| ORLEANS ELECTRIC CONSTRUCTION, INC., ET AL. | SECTION "N"  (5) |

## ORDER

Before the Court is Defendant Exxon Mobil Corporation and Chalmette Refining, L.L.C.'s Motion for Partial Dismissal Under Rule 12(b)(6) (Rec. Doc. 17).  After reviewing the Complaint, the memoranda of the parties, and the applicable law, the Court rules as set forth herein.

**I.     BACKGROUND**

Plaintiff Headley Allen ("Allen"), whose race is black and national origin is Jamaican, filed suit against Defendant Orleans Electric Construction, Inc. ("Orleans Electric"), Exxonmobil Oil Corporation ("Exxon"), and Chalmette Refining, L.L.C. ("Chalmette Refining") to challenge their alleged discriminatory and tortious treatment of him during his employment, as well as their alleged retaliation against him resulting from his complaints about the unlawful conduct.  Specifically, Allen's Complaint asserts that while he was working as an electrician for Orleans Electric, an electrical and construction contractor, and while he was providing electrical services on the property of Chalmette Refinery (which is operated and partly owned by Exxon), he was attacked by a co-worker.

Allen specifically asserts that he was sitting in a chair in the break room when his co-employee, James Patton ("Patton"), became upset that Allen was sitting in a particular chair. Allen claims that Patton screamed racial epithets at him and struck him with a flashlight. Allen contends that Patton's "only motivation was his overt racism and the color of [Allen]'s skin."

(Complaint, ¶ 11).  Based on the above, Allen asserted a claim under Louisiana law against Orleans Electric, as Patton's employer, for the alleged intentional tort committed by Patton.

Orleans Electric, Allen's employer, previously filed a motion to dismiss Count IX of Allen's Complaint, which asserts that Orleans Electric is vicariously liable for an alleged physical assault by Allen's co-worker.  The Court denied the motion to dismiss, finding that he had alleged sufficient facts in his Complaint to withstand dismissal at that time.  The Court noted that whether Orleans Electric knew or should have known that Patton's attack on Allen was going to occur or whether it knew with substantial certainty that this attack was going to occur was better suited for potential disposal in a motion for summary judgment, after sufficient discovery has been completed. (Se Rec. Doc. 26).  Exxon and Chalmette Refining have now filed the instant motion to dismiss, also requesting dismissal of Count IX of Allen's Complaint, as it applies to them, on the basis that under Louisiana law, Allen has no claim against them for assault and battery.

## II.     THE ARGUMENTS OF THE PARTIES

In their motion to dismiss, Exxon and Chalmette Refining refer the Court to Orleans Electric's Rule 12(b)(6) motion to dismiss Count IX of Allen's Complaint, and claim that the assertions set forth in Count IX of the Complaint are not actionable as to them as a matter of law. Exxon and Chalmette Refining also note that the alleged assault and battery undisputedly involved Orleans Electric employees, not Exxon or Chalmette Refining employees.  Thus, they argue that Count IX of Allen's Complaint should be dismissed as a matter of law as it applies to them.  Allen's opposition fails to explain how his claims, against *Exxon and Chalmette Refining,* for assault and battery state a claim as a matter of law.  Instead, Allen focuses on arguments that were applicable to Orleans Electric, as Allen's employer.  Exxon and Chalmette Refining note this in their reply and

assert that Allen has failed to plead facts sufficient to establish a cause of action for assault and battery against them. Essentially, Exxon and Chalmette Refining argue that the Court should reach a different conclusion on their motion to dismiss from the conclusion it reached on the motion to dismiss filed by Orleans Electric because neither Exxon nor Chalmette Refining was Allen's employer, nor were they the employers of any of the named individuals who allegedly troubled Allen.

### III.   LAW AND ANALYSIS

#### A.   Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy this requirement, the statement must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002)(internal citations omitted); see also *Christopher v. Harbury*, 536 U.S. 403, 416, 122 S.Ct. 2179, 2187, 153 L.Ed.2d 413 (2002)(the elements of the plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant").

Given this simplified notice pleading standard, Rule 12(b)(6) motions to dismiss are "viewed with disfavor and [are] rarely granted." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000)(internal citations omitted). In a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004). To survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' " *In re Katrina Canal Breaches Litig.*, 495

F.3d 191, 205 (5th Cir.2007) (*quoting Bell Atl. Corp. v. Twombly*, ---U.S. ----, ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965. Rule 12(b)(6) motions are viewed with disfavored and are rarely granted. *Tanglewood E. Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1572 (5th Cir.1988) Finally, if the Complaint "fails to specify the allegations in a manner that provides sufficient notice", a motion for more definite statement, pursuant to Rule 12(e), is appropriate. Swierkiewicz, 534 U.S. at 514, 122 S.Ct. 998.

**B.     Analysis**

While the Court previously determined that Allen's claims against Orleans Electric, as Allen's employer, were sufficient to state a claim for vicarious liability, the Court finds that as written, the allegations in Count IX of the Complaint are insufficient to provide Exxon and Chalmette Refining (who did not employ Allen) with fair notice of the grounds upon which his claims rest as to them. In his Complaint, for instance, Allen asserts that "Defendants directed, encouraged and participated" in the assault and battery that was allegedly committed upon him. However, Orleans Electric, Exxon, and Chalmette Refining bear different relationships to Allen, and Count IX of the Complaint does not explain the basis for liability as to each defendant individually.

Construing Allen's Complaint in his favor, the Court is not certain that Allen can prove no set of facts in support of his claim that would entitle him to relief under Count IX of the Complaint as to Exxon and Chalmette Refining. Accordingly, the Court does not grant this Rule 12(b)(6) motion to dismiss with respect to Count IX. However, the Court will require Allen, pursuant to Rule 12(e), to amend his Complaint to clarify his allegations specifically against Exxon and

4

Chalmette Refining.

**IV.     CONCLUSION**

Considering the foregoing, **IT IS ORDERED** that **Defendant Exxon Mobil Corporation and Chalmette Refining, L.L.C.'s Motion for Partial Dismissal Under Rule 12(b)(6) (Rec. Doc. 17) is GRANTED IN PART AND DENIED IN PART.** All amendments required by the Court must be submitted within 20 days from the date this Order is entered. Additionally, the allegations in Allen's original Complaint on which he continues to rely and his amendments are to be submitted in the form of a single Superceding Complaint.

New Orleans, Louisiana, this 20th day of March, 2008.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**